1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Sammy Abbass, an individual man, John        No. CV-13-00268-PHX-DGC
    Ferguson, a married man on behalf of
10  himself and the marital community, Patricia   **ORDER**
    Ferguson, a married woman on behalf of
11  herself and the marital community,

12                        Plaintiffs,

13  v.

14  American Family Insurance Group,
    American Family Mutual Insurance
15  Company, American Family Mutual
    Insurance Group, Unknown Parties, named
16  as:  Does 1-10,

17                        Defendants.

18         Sammy Abbass ("Sammy"), the natural child of Patricia Ferguson and the step-son

19  of Jon Ferguson (collectively "the Fergusons"), sustained injuries during a vehicle roll-

20  over accident while he was the passenger in a vehicle driven by Christopher Brenneman

21  on June 3, 2010.  Sammy recovered $100,000 under Brenneman's driver's insurance

22  liability coverage and $15,000 under the underinsured motorist ("UIM") coverage of his

23  own driver's insurance policy.  Sammy then submitted a claim for UIM benefits under

24  the Fergusons' automobile liability insurance policy ("the policy"), which was purchased

25  from American Family Mutual Insurance Company ("AFMI") and effective May 9, 2010

26  to November 9, 2011.  The policy was titled "Family Car Policy" (Doc. 12-1 at 8;

27  Doc. 11-2 at 3) and included UIM coverage in the amount of $100,000 for each insured

28  individual (*id.*).  The Fergusons paid all premiums on the policy, including the additional

1   premium for UIM coverage as of June 3, 2010.  Doc. 11-1, ¶ 7.  AFMI denied the claim
2   because Sammy was not a "relative" as defined in the policy.  The policy defines
3   "relative" as "a person living in your household, related to you by blood, marriage or
4   adoption.  This includes a ward or a foster child.  It excludes any person who, or whose
5   spouse, owns a motor vehicle other than an off-road vehicle."  Doc. 12-1 at 14; Doc. 11-2
6   at 9.

7          Plaintiffs filed this action in state court, and Defendants removed the case to this
8   Court on the basis of diversity jurisdiction.  Doc. 1.  Plaintiffs seek a declaration that the
9   policy's definition of "relative" is unenforceable, and assert claims for bad faith, breach
10  of contract, and breach of covenant of good faith and fair dealing.  Doc. 1-1 at 2-7.
11  During a conference with the parties on April 3, 2013, the Court ordered additional
12  briefing on the enforceability of the policy's definition of "relative."  Doc. 10.  The Court
13  informed the parties that it would review the parties' briefing and then issue a ruling or
14  set further oral argument as necessary.  The matter is fully briefed.  Docs. 11, 12, 14-1.
15  For the reasons set forth below, the Court rules that the policy's definition of "relative"
16  does not violate Arizona public policy.  The Court cannot determine at this stage,
17  however, whether the policy's definition of "relative" is unenforceable under the
18  reasonable expectations doctrine.[1]

19  **I.      Public Policy.**

20         "The purpose of [Arizona's Uninsured/Underinsured Motorist Act ("UMA"),
21  A.R.S. § 20-259.01] is to afford protection to victims of financially irresponsible
22  drivers."  *Calvert v. Farmers Ins. Co. of Ariz.*, 697 P.2d 684, 687 (Ariz. 1985).  The
23  UMA does this by requiring all insurers writing motor vehicle liability policies to offer
24  UIM coverage that "extends to and covers all persons insured under the policy."  A.R.S.
25  § 20-259.01(B).  "UIM coverage applies when an insured's total damages exceed all

26  _____

27         [1] Plaintiffs' request for oral argument is denied.  The parties' briefing and other
    submissions have more than amply addressed the issue raised, and oral argument will not
28  aid the Court's decision.  *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926
    (9th Cir. 1998).

applicable liability limits, subject to any valid limitations the insurer imposes." *Am. Family Mut. Ins. Co. v. Sharp*, 277 P.3d 192, 193 (Ariz. 2012) (citing A.R.S. § 20-259.01(G)-(H)).  "[T]he purpose of [uninsured motorist ("UM")] and UIM coverage is to enable the consumer to protect himself and family members against the possibility that, in any given accident, there will be no or insufficient liability coverage to compensate for the actual damages sustained." *Taylor v. Travelers Indem, Co. of Am.*, 9 P.3d 1049, 1055 (Ariz. 2000).  "The UMA has 'a remedial purpose and must be construed liberally in favor of coverage, with strict and narrow construction given to offsets and exclusions.'" *Sharp*, 277 P.3d at 196 (quoting *Taylor*, 9 P.3d at 1053).  Thus, "any exceptions to UIM coverage not permitted by the UMA are void." *Id.* at 193 (brackets and internal quotation marks omitted).  But "[t]he protection afforded by [the UMA] is not applicable in all situations and may not necessarily protect all third parties in accidents caused by uninsured drivers." *Midland Risk Mgmt. Co. v. Watford*, 876 P.2d 1203, 1207 (Ariz. Ct. App. 1994); *see, e.g.*, *Alcala v. Mid-Century Ins. Co.*, 828 P.2d 1262, 1264 (Ariz. Ct. App. 1992) ("[UM and UIM] coverage is afforded to strangers to the policy only when they occupy an insured vehicle.").

Arizona courts have found that insurers violate public policy underlying the UMA "by inserting clauses that permit them to reduce or eliminate coverage when the victim/insured has not been fully compensated." *Brown v. State Farm Mut. Auto. Ins. Co.*, 788 P.2d 56, 61 (Ariz. 1989).  *See, e.g.*, *Higgens v. Fireman's Fund Ins. Co.*, 770 P.2d 324, 325-27 (Ariz. 1989) (voiding "other vehicle" exclusion when it limits underinsured motorist coverage); *State Farm Mut. Auto. Ins. Co. v. Duran*, 785 P.2d 570, 572-73 (Ariz. 1989) (eliminating "furnished for regular use" exception); *Cundiff v. State Farm Mut. Auto. Ins. Co.*, 174 P.3d 270, 273 (Ariz. 2008) (eliminating intra-policy offsets of workers' compensation benefits against motorist coverage).  Public policy does not, however, "restrict the parties' right to agree on who is insured." *Am. States Ins. Co. v. C & G Contracting, Inc.*, 924 P.2d 111, 116 (Ariz. Ct. App. 1996).  As a result, policy provisions that have been invalidated under Arizona law are not those defining who is

insured by the policy in the first instance.  *See id.* ("Public policy precludes an insurer from denying UIM coverage to an insured, but it does not preclude an insurer from denying UIM coverage to one who is not an insured.").  Although Arizona cases have stated that "the purpose of UM and UIM coverage is to enable the consumer to protect himself and family members," *Sharp*, 277 P.3d at 197 (quoting *Taylor*, 9 P.3d at 1055), the UMA itself does not use the term "family members."  It instead refers only to "all persons insured."  Nothing in the UMA purports to restrict how parties to an insurance contract define who is and who is not insured.

Plaintiffs argue that their case is similar to *Taylor*.  Doc. 11 at 6.  The Court disagrees.  The plaintiff in *Taylor* was insured as a "family member" under the policy's definition of "insured."  9 P.3d at 1051, n.1.  The plaintiff's insured status was not at issue in *Taylor*.  Instead, *Taylor* concerned a policy provision that prohibited paying UIM coverage to an insured who received payment under the policy's liability coverage.  *Taylor* held that an insured was "covered up to the face amount of the applicable UIM insurance, less any sums recovered under the liability coverage of the same policy," in order "to fill the gap between the amount she received from all applicable liability coverages and her UIM coverage limits."  9 P.3d at 1051, 1060.  *Taylor* does not support Plaintiffs' argument that the policy's definition of who is insured violates public policy.

Plaintiffs point to a Yavapai County Superior Court decision (Doc. 11-9) which found that an insurance policy's exclusion of relatives who own private passenger vehicles from UIM coverage violates Arizona public policy.  That decision is not precedent, and the Court finds it unpersuasive for two reasons.  First, it is not clear that the policy provision at issue in the Yavapai County case did more than identify who was not protected by the policy's UIM coverage, as opposed to identifying who was insured under the policy.  Second, the decision relies on *Higgens* for the proposition that "[t]he insured and the family members insured are covered not only when occupying an insured vehicle, but also when in another automobile, when on foot, on bicycle or when sitting on a porch."  Doc. 11-9 at 1 (quoting *Higgens* 770 P.2d at 327 (quoting *Calvert*, 697 P.2d at

689)).  But neither *Higgens* nor *Calvert* held that it is contrary to public policy to define "relative" in a way that excludes family members who own their own vehicles.  *Calvert* held that an exclusion denying UM coverage to an insured injured by an uninsured motorist while the insured occupied a vehicle owned by the insured but not listed in the policy is invalid as contrary to coverage mandated by the UMA.  697 P.3d at 687-88.  This was because the UMA "was created for the protection of persons, and not for the protection of the insured vehicle."  *Id.* at 689 (internal quotation marks and citations omitted).  *Higgens* held the same with respect to UIM coverage.  770 P.2d at 23.

Plaintiffs also refer to a Colorado case that found a similar definition of "relative" in an insurance policy to be unenforceable as against public policy.  Doc. 11-10.  But Colorado's statutory scheme is distinguishable from Arizona's because Colorado has a statute defining "insureds" as "relatives of the named insured who reside in the same household as the named insured."  Doc. 11-10 at 10.  The Colorado policy excluded relatives who own motor vehicles, and the court found that policy's definition was contrary to the Colorado statute.  Unlike Colorado's statutory scheme, the UMA does not mention relatives or family members, let alone purport to define those terms.

In this case, the policy's definition of "relative" identifies which family members are insured under the policy.  That type of insurance provision is not contrary to Arizona public policy.  *See C & G Contracting*, 924 P.2d at 116 ("Public policy does not restrict the parties' right to agree on who is insured.").

**II.    Reasonable Expectations.**

Arizona has adopted the Restatement (Second) of Contracts, including the "reasonable expectations" concept contained in § 211.  *Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co.*, 682 P.2d 388, 394-99 (Ariz. 1984).  Under the reasonable expectations doctrine for insurance claims, "Arizona courts will not enforce even unambiguous boilerplate terms in standardized insurance contracts in a limited variety of situations[.]"  *Gordinier v. Aetna Cas. & Sur. Co.*, 742 P.2d 277, 283 (Ariz. 1987).  Plaintiffs argue that the second situation listed in *Gordinier* applies to the policy's

definition of "relative":  "Where the insured did not receive full and adequate notice of the term in question, and the provision is either unusual or unexpected, or one that emasculates apparent coverage."   742 P.2d at 283 (internal citations and quotations omitted).  Plaintiffs submit that the policy's label – "Family Car Policy" – created the reasonable expectation that they purchased coverage for all family members.  Doc. 11 at 10.  Defendants argue that there is no evidence that the Fergusons had a reasonable expectation that Sammy was covered under the policy, and that *Darner* and Restatement § 211 are not applicable.  Doc. 12 at 10.[2]

The reasonable expectations doctrine's applicability in a given case turns on the unique facts of that case.  *See C & G Contracting*, 924 P.2d at 115 ("conclude[ing] that these facts . . . would *not* create an objective impression in the mind of a reasonable insured[.]") (emphasis in original).  No discovery has occurred in this case and the parties have not briefed motions for summary judgment.  The Court accordingly concludes that a decision on application of the reasonable expectations doctrine would be premature.

**IT IS ORDERED:**

1.    The policy's definition of "relative" is not unenforceable as contrary to Arizona public policy underlying the UMA.  More litigation is necessary on the applicability of the reasonable expectations doctrine to the policy's definition of "relative."

---

[2] Defendants also argue that because Sammy had nothing to do with the purchase of the policy in question he has no "reasonable expectation" as to the policy's coverage. Doc. 12 at 10 (citing *Alcala*, 828 P.2d at 1264-65 ("Appellant had nothing to do with the purchase of the policy in question. She never had an insurable interest or expectancy under the policy. No coverage has been taken from her that she was entitled to receive. The doctrine of reasonable expectations does not apply to her.")).  This argument would appear persuasive with respect to Sammy's reasonable expectation claim, but the Fergusons are also plaintiffs in this action.  Defendants argue that the Fergusons do not have standing because they did not file a UIM claim and have not made a separate claim for damages.  Doc. 12 at 8.  Briefing was limited to the issue of the enforceability of the policy's definition of "relative," and thus the Court will not consider the issue of standing at this stage.

2.      The Court will hold a Rule 16 Case Management Conference on **August 14, 2013 at 4:30 p.m.**  The parties should file a revised Rule 26(f) report 48 hours in advance of the conference.  If counsel are out of state, they may participate in the conference by phone.

Dated this 19th day of July, 2013.

David G. Campbell
United States District Judge